WILLIAM A. POSEY ET AL. *v.* WEST CONSTRUCTION COMPANY.

[46 South., 402.]

RECOUPMENT. *Partnership carrying out contract of one member.*

> In a suit by partners for material delivered defendant under and in pursuance of a contract made by one of them before the formation of the partnership, defendant can recoup damages arising from the non-performance of the contract.

FROM the circuit court of, second district, Perry county.

HON. WILLIAM H. COOK, Judge.

Posey and others, appellants, partners under the firm name, W. A. Posey & Co., were plaintiffs in the court below; the construction company, appellee, was defendant there. The suit

---

---

was instituted to recover $444.50 an alleged balance on a contract for the sale of sand and gravel. Defendant pleaded damages amounting to $462.92 by way of recoupment, alleged to have been sustained by defendant from plaintiffs' failure to deliver sufficient gravel according to contract, whereby defendant was compelled to purchase at an advanced price. The court below, after hearing all the evidence, peremptorily instructed the jury to find for defendant, and plaintiffs appealed to the supreme court.

*K. McInnis* and *Stone Deavours,* for appellants.

The testimony demonstrates beyond the suggestion of any doubt that the sand and gravel sued for is the property of the appellants, William A. Posey and A. K. McInnis, composing the firm of W. A. Posey & Company. There can be no question as to the ownership of the sand and gravel. McInnis swears positively that all the sand and gravel sued for was the property of himself and W. A. Posey. This is not denied by any witness for the appellee. The testimony demonstrates beyond any doubt that there was no special contract between W. A. Posey & Company and the appellee. The testimony shows conclusively that the said A. K. McInnis when he became a partner with W. A. Posey did not assume in whole or in part, the contract which had been entered into between W. A. Posey individually, and the appellee in May, 1906.

The testimony further shows conclusively that the appellee got and used the 444½ yards of sand and gravel, and the reasonable value of it was $444.50. As to these matters there is no suggestion as to any dispute. The testimony further shows conclusively that the appellee has not paid for the sand and gravel; that it used it and has not paid any person whatever.

Of course the claim of the appellee against William A. Posey arising out of its contract with him individually made in May, 1906, cannot under the decisions of this court be used as a set off against the claim of W. A. Posey & Company. *Moody*

v. *Willis,* 41 Miss., 347; *Jones* v. *Howard,* 53 Miss., 707; *Peyton* v. *Planters,* 63 Miss., 410. The appellee, however, did not attempt to plead this claim against William A. Posey individually, as a set-off; but sought to present the same in the court below as a matter of recoupment; but appellee claims no set off as against W. A. Posey & Company, its claim arising out of its contract with William A. Posey as an individual in the way of recoupment, is as ill founded in law as is its right to set up the same in the way of set-off.

*Sullivan & Tally,* for appellee.

The testimony for the plaintiff, nowhere nor in any matter contradicts or conflicts with the testimony for the defendant, that it thought the sand and gravel was being delivered by W. A. Posey under his written contract with it. The defendant's sole theory of the case is that it was dealing all the time with W. A. Posey under his written contract and was liable to him only, if liable at all. That the damages it had sustained by his breach of the contract were more than sufficient to pay or set off the $444.50 owing to him, and that it was not liable to be sued by W. A. Posey & Company, a firm composed of W. A. Posey and A. K. McInnis.

When the testimony was closed, the trial judge granted defendant a peremptory instruction on the sole idea that W. A. Posey had entered into a contract to deliver sand and gravel to defendant, and had actually commenced performing the contract, and continued to do so until the contract was breached by him, so far as defendant knew or was advised, and therefore, whatever right of action existed was in favor of W. A. Posey, and not W. A. Posey & Company. That this view is correct, we have not the slightest doubt. The court did not grant the instruction on the theory that defendant could recoup its damages against W. A. Posey & Company when the damages had been caused by a breach of contract by W. A. Posey only. The court upheld the principle that the defendant had a valuable and inviolate right

in its contract with W. A. Posey and that it could not lose this right except by its consent either expressed or implied. It cannot be seriously contended that W. A. Posey could enter into the contract with defendant and begin its performance, and while so engaged, take in a partner, all unknown to the defendant, and still appear to be performing the contract in his own name, so far as the defendant knew, and afterwards sue in the firm name for the services rendered.

This is not a case where W. A. Posey & Company, without any previous understanding with defendant, hauled sand and gravel along the line of defendant's work and unloaded it there, and the defendant, seeing the same appropriated the sand and gravel to its own use, and thereby became liable for its market value. Far from it, but the plaintiffs tried to make and did plead such a case by the second count of their amended declaration, but the proof failed utterly to support it.

If the firm of W. A. Posey & Company, composed of William A. Posey and A. K. McInnis, can recover against the defendant, under the facts of this case, what becomes of the rights defendant had under its contract with W. A. Posey, and which it did not surrender by word, act or deed? Can the defendant's rights under its contract be wrested from it, without even its knowledge, much less its consent? The defendant's right under the contract with William A. Posey, as we understand the law, is a property right—a valuable right, an inviolate right. We believe that it still "takes two to make a bargain." We believe that the law still requires a meeting of the minds of the two parties before a contract is made and valuable rights are gained or lost. We do not believe that William A. Posey and A. K. McInnis could legally deprive the defendant of its rights under the contract with William A. Posey without its consent, expressed or implied, any more than a thief could legally steal, take and carry away defendant's property. The defendant has a right to say that if it is sued at all, it shall be sued by the man with whom it had contracted and dealt, or some one to whom he has le-

gally assigned his claim, in order that it may avail of the damages sustained by a breach of contract by the person with whom it had contracted. If the defendant can be deprived of its right to recoup its damages against W. A. Posey because he took in a secret partner right in the midst of the performance of his contract, and afterwards sues in his name and that of the secret partner, then liability on contracts is a thing of the past.

CALHOON, J., delivered the opinion of the court.

By a written contract, between W. A. Posey alone and the West Construction Company, Posey bound himself to furnish gravel and sand enough, and as wanted, to keep up certain work which was being done by the company. In that contract it is provided that, if Posey did not deliver the material, and enough of it, to keep up the work without delay, the company should have the right to purchase the material elsewhere, Posey to pay the difference in price; and Posey also therein agreed to reimburse loss to the company caused by loss of time in failure to deliver. This contract was put in operation September 10 or 11, 1906, and Posey accordingly began to deliver on September 11th of that year, and fully carried out his contract during the months of September, October, and until November 20th, and was duly and promptly paid for his material.

Pending the performance of this contract, on October 15, 1906, Posey took as a partner in his sand and gravel business A. K. McInnis, and the firm name was W. A. Posey & Co. The partnership continued the delivery as if it were bound by that contract in identically the same way, and the delivery of the stuff, after the partnership, was made identically as before, and the bills, in the name of William A. Posey alone, were presented as before by William A. Posey, and the company paid them as before by checks payable to William A. Posey as an individual. There is nothing in this record to show any purpose, after McInnis formed the partnership with Posey, to deliver otherwise than under that contract, except, as is said, the company re-

ceived a letter, dated November 20, 1906, signed "W. A. Posey & Co." In their answer to this letter they addressed William A. Posey individually. All demands for payments were made by William A. Posey alone. His bill against them of December 11, 1906, was made out as a debt due to him, William A. Posey. All accounts were made out against him alone, and all receipts for money were signed by him alone. There is no incident of any violation of the contract made with Posey until after McInnis became his partner. Subsequently, and during that partnership, there were many failures to comply with the written contract; and it is not seriously debatable that the damages to the company, distinctly provided for in the contract, exceeded the amount sued for in this action.

On February 4, 1907, a declaration was filed against the West Construction Company by W. A. Posey & Co. This declaration was filed on the basis of that contract, which is made a part of that declaration and set out as an exhibit to it. Seeing that the firm could not get along in an action based on that contract with the individual, William A. Posey, it was abandoned, and finally the action is based entirely on the delivery of the stuff to the company and the receipt of it by the company, by which the company became liable. It is nowhere pretended in this record that the sand and gravel were not delivered pursuant to that contract, and so we hold that the company had a right to do as it did do—set up by way of recoupment their damages for the non-performance of the contract. In our view it is immaterial whether the construction company was or was not informed of the introduction of McInnis into the business as a partner with Posey. But, even if that notice was given and could be availed of, we hold that on this record no such notice was properly given. If, on the formation of the partnership, it was the purpose to annul that contract, or to make another, it was incumbent on McInnis to so state, or to change the mode and manner of the delivery, payment, and receipts. But in fact there appears no information to the company of the partnership, except that Mc-

Innis testifies that Posey had already sold the construction company sand and gravel, "and was selling them sand and gravel right ahead." And then this question was asked him: "Q. You never did see the West Construction Company about how much they were taking, or anything of the kind? A. I went to see Mr. Coperhaver shortly after we went into partnership. I told him that I had bought an interest with Mr. Posey, as he was cutting the loads, and I could not afford to let him do that, and unless he would give me a full yard for a load I would stop delivering." And this appears: "Q. Didn't you intimate to the jury a while ago that you had letters addressed to you by the West Construction Company addressed to W. A. Posey & Co.? A. I think possibly there might be some around here somewhere. Q. Will you produce one of them for the information of the court and jury?" At this point one of the counsel for the plaintiffs said: "Here's one." Then, to the question, "Have you any others?" the answer was, "That's enough, ain't it?" But that letter is not in the record, and from this testimony and the connection in which it appears, it seems to us to be *diverso intuitu;* the point not being as to whether there was any intimation to the company that there should be any change whatever in the contract under which, very manifestly, the sand and gravel were being delivered all the time.

The court below gave a peremptory instruction to find for the defendant, and we think the instruction entirely proper on this record.

*Affirmed.*